UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE STEPHENS(#109204)                                        CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.                                     NO. 15-353-JWD-SCR

**RULING ON MOTION TO STRIKE AND DIMSISS**

Before the Court is the plaintiff's Motion to Strike and Dismiss His 28 U.S.C. 1983 Civil Rights Complaint and to Proceed With His Petition for a Writ of Habeas Corpus in the Alternative t His Rights to Habeas Corpus Relief.  (R. Doc. 34).

Plaintiff file this Complaint in June 2015, invoking the federal civil rights statute, 42 U.S.C. § 1983, and seeking redress for the alleged violation of his constitutional rights.  Plaintiff prayed for declaratory and injunctive relief, complaining that "he is being confined without a valid indictment and/or commitment order."  R. Doc. 34.  Pursuant to Ruling on Motion to Show Just Cause issued December 8, 2015, which was issued in response to the plaintiff's Motion to Show Just Cause, the Court determined that, to the extent that the plaintiff sought a release from custody in this case, such remedy was "[not] available to the plaintiff at this time and in this case."  *See* R. Doc. 32.  The Court advised the plaintiff that he was required to first pursue such relief in the state courts and, after exhaustion of state court remedies, to

file a habeas corpus proceeding in the appropriate federal court. *Id.* The ruling further instructed the plaintiff that "[a] petition for a writ of habeas corpus is a separate proceeding [and] cannot be brought in this case." *Id.*

To the extent that the plaintiff's motion seeks to convert this case into a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, the requested relief is not warranted. A review of the records of the federal courts shows that the plaintiff previously filed applications for federal habeas corpus relief in both the Western and Middle Districts of Louisiana. *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 91-2277 (W.D. La.); *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 98-1311-TS-RSP (W.D. La.); *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 03-1885-TS-RSP (W.D. La.); *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 04-828-SMH-RSP (W.D. La.); *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 08-11-SMH-MLH (W.D. La.); *Joe Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 08-347-SMH-MLH (W.D. La.); *Joe Stephens v. Burl Cain, et al.*, Civil Action No. 09-956-RET-SCR (M.D. La.); *Joe Stephens v. Burl Cain, et al.*, Civil Action No. 10-200-JJB-SCR (M.D. La.); and *Joe Stephens v. Burl Cain, et al.*, Civil Action No. 10-522-BAJ-CN (M.D. La.). Plaintiff's applications have been found to be second or successive applications and were not allowed because the

plaintiff had not first obtained authorization from the United States Court of Appeals for the Fifth Circuit, as required by 28 U.S.C. § 2244.  In his most recent application before this Court, the plaintiff presented a claim similar to that asserted herein, *i.e.,* that "his commitment order warrant of 1986 is void and that his confinement is therefore unconstitutional."  See *Stephens v. Cain*, 2010 WL 4386521, n. 1 (M.D. La. sept. 29, 2010).  There is no justification for allowing the plaintiff to again present this claim in a habeas corpus proceeding before this Court.

Accordingly, the plaintiff's motion to convert this proceeding to one seeking a writ of habeas corpus is DENIED.  If the plaintiff still wants to "strike and dismiss his 28 U.S.C. 1983 civil rights complaint," he should file a separate pleading requesting such relief pursuant to Rule 41, Fed.R.Civ.P.

Baton Rouge, Louisiana, December 21, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE